UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 07-CV-1611 (JFB)(ETB)
_____

FRANK BARNETT,

Plaintiff,

VERSUS

ROBERT ETHERIDGE, ROBERT HOWARD, DANIEL LUTZ, AND DEPUTIES JOHN DOES

Defendants.

_____

MEMORANDUM AND ORDER
March 24, 2008
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff *pro se* Frank Barnett ("plaintiff" or "Barnett") brought this action against defendants Robert Etheridge, Robert Howard, Daniel Lutz, and Deputies John Does ("defendants"), alleging that defendants violated Barnett's rights under 42 U.S.C. § 1983 in connection with an alleged assault on Barnett on April 8, 2004, when he was incarcerated at the Suffolk County Correctional Facility.

Defendants now move to dismiss Barnett's complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure on the grounds that: (1) the complaint is barred by the statute of limitations; and (2) plaintiff has not administratively exhausted his claim pursuant to the Prisoner Litigation Reform Act, 42 U.S.C. § 1997(e) (the "PLRA"). For the reasons set forth below, defendants' motion is granted on statute of limitations grounds.

I. PROCEDURAL HISTORY

Barnett filed the initial complaint in this action on April 18, 2007, and an amended complaint on May 31, 2007. Defendants filed the instant motion on July 13, 2007. Appended to their motion papers was an Affidavit of Service By Mail, certifying that service of the papers was made upon plaintiff that day.

Pursuant to a briefing schedule the Court had set during a pre-motion conference on June 29, 2008, Barnett was to respond to

defendants' motion by August 17, 2007, but did not do so or otherwise communicate with the Court. By Order dated January 18, 2008, the Court instructed plaintiff to explain to the Court in writing, by January 31, 2008, why he had failed to comply with the Court's briefing schedule.

By letter dated January 23, 2008, Barnett stated to the Court: "I did not receive no paper work from S.C. Law Department that I did not [respond]." The address plaintiff supplied on this letter is identical to the address contained in the Affidavit of Service By Mail.

On January 30, 2008, defendants filed a letter with the Court indicating that they had re-served their motion papers on plaintiff that day. To date, Barnett has not responded to this motion or otherwise communicated with the Court. Moreover, plaintiff failed to appear at a conference before Magistrate Judge E. Thomas Boyle on February 14, 2008, or to otherwise communicate with Magistrate Judge Boyle's chambers.[1]

---

[1] The Court is aware that plaintiff's failure to oppose the instant motion is not grounds in itself for dismissal of the complaint. *See McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) ("The district court in the present case did not address the merits of defendants' Rule 12(b)(6) motion and appears to have dismissed the complaint solely on the ground that [plaintiff] did not respond to the motion. Dismissal on that basis was error."). On the other hand, Barnett may be indicating that he no longer wishes to prosecute this action by failing to: (1) respond to the motion for nearly two months – after it was served on him for the second time in nearly eight months; (2) communicate in any way with the Court since the date of the second service; and (3) appear for a conference before Magistrate Judge Boyle in February. However, in an abundance of caution, the Court will address defendants' motion on the merits. "[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law. If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Id.* at 322-23.

II. DISCUSSION

A. Standard of Review

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (May 21, 2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Moreover, as the plaintiff is appearing *pro se*, the Court shall "'construe [his complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)).

B. Timeliness of Claim

Defendants contend that plaintiff's Section

2

1983 claim should be dismissed by this Court as time-barred. As set forth below, the Court agrees with defendants because the complaint in this action was filed more than three years after the incident alleged in the complaint occurred.

As there is no federal statute of limitations governing the Reconstruction-era civil rights statutes, the Supreme Court has advised that "federal courts should select the most appropriate or analogous state statute of limitations" to determine the proper limitations period. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987), *superseded on other grounds by statute*, 28 U.S.C. § 1658(a), *as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004); *accord Wilson v. Garcia,* 471 U.S. 261, 276 (1985). With regard to Section 1983 claims, federal courts generally apply the forum state's statute of limitations for personal injury claims, which is three years in the State of New York pursuant to New York Civil Practice Law § 214(5). *See Owens v. Okure*, 488 U.S. 235, 250-51 (1989); *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002), *cert. denied*, 538 U.S. 922 (2003). However, federal law governs the question of when a Section 1983 claim accrues. *See M.D. v. Southington Bd. of Educ.,* 334 F.3d 217, 221 (2d Cir. 2003); *Pearl,* 296 F.3d at 80; *Covington v. City of New York,* 171 F.3d 117, 121 (2d Cir. 1999). Under federal law, "the time of accrual [is] that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (quotations and citations omitted). Thus, with respect to 1983 claims arising from alleged police misconduct, a plaintiff must bring such claims within three years of this alleged misconduct.

Here, according to the complaint, the alleged assault that forms the sole basis for Barnett's Section 1983 claim took place on April 8, 2004. The initial complaint in this action was filed over three years later, on April 18, 2007. Therefore, plaintiff's claim is untimely under the applicable three-year limitations period.

However, although the claim is untimely, the Court must consider whether the doctrine of equitable tolling applies.

With respect to equitable tolling in Section 1983 actions, it is well-settled that federal courts also should borrow the forum state's tolling rules. *See Pearl,* 296 F.3d at 80 (citing *Board of Regents v. Tomanio,* 446 U.S. 478, 484-86 (1980)); *accord Keating v. Carey,* 706 F.2d 377, 381 (1983). As the Second Circuit has explained, New York courts have adopted the same equitable tolling doctrine that exists under federal law. *Keating*, 706 F.2d at 382. "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances ." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996). Thus, the Second Circuit "has applied the doctrine 'as a matter of fairness' where a plaintiff has been 'prevented in some extraordinary way from exercising his rights, or h[as] asserted his rights in the wrong forum.'" *Johnson,* 86 F.3d at 12 (quoting *Miller v. Int'l Tel. & Tel. Corp.,* 755 F.2d 20, 24 (2d Cir. 1985)). However, "[e]quitable tolling requires a party to pass with reasonable diligence through the period it seeks to have tolled." *Johnson,* 86 F.3d at 12. For example, under the equitable tolling doctrine, "when the defendant fraudulently conceals the wrong, the time does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action." *Keating,* 706 F.2d at 382.

In the instant case, there is absolutely no basis to apply the doctrine of equitable tolling. Plaintiff was aware in 2004 of the alleged assault by the police. In fact, the complaint states that Barnett filed an action in state court on November 10, 2005 arising out of the same set of facts alleged in the instant complaint. (Compl. at 3.)[2] Moreover, plaintiff failed to respond to defendants' motion to dismiss the complaint on statute of limitations grounds, and thus failed to provide to the Court any facts that could give rise to equitable tolling. Under these circumstances, the Court finds that Barnett failed to act with reasonable diligence in pursuing his claim during the three-year period and, therefore, that there are no grounds for equitable tolling. *See, e.g., Nicolosi v. City of New York,* No. 04 Civ. 00082 (DAB), 2006 U.S. Dist. LEXIS 84474, at *11 (S.D.N.Y. Nov. 20, 2006) (dismissing Section 1983 claims as time-barred and finding no basis for equitable tolling); *Mitchell v. Bell*, No. 9:04-CV-1490, 2006 WL 3043126, at *5 (N.D.N.Y. Oct. 23, 2006) ("Since plaintiff filed two other lawsuits in 2001, plaintiff was clearly not prevented from asserting his rights during the statute of limitations period for his April, 2000 claims. . . . Thus, this court finds that equitable tolling does not apply, and any claims relating to the April 2000 disciplinary hearing may be dismissed based on the statute of limitations."). As the Second Circuit has noted, "[t]hough plaintiffs might find the result harsh, the 'harshness . . . is largely a self-inflicted wound.'" *Johnson,* 86 F.3d at 13 (quotations and citations omitted).

In sum, plaintiff's claim is time-barred because (1) he knew about the incident in question on April 8, 2004; (2) the initial complaint in this action was not filed until April 18, 2007; and (3) there is no basis for equitable tolling. Accordingly, defendants' motion to dismiss the complaint is granted.[3]

III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED.

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

March 24, 2008
Central Islip, New York

\* \* \*

Petitioner appears *pro se*. The attorney for defendants is Arlene Zwilling, Suffolk County Attorney, H. Lee Dennison Building, 100 Veterans Memorial Highway, P.O. Box 6100, Hauppauge, New York 11788.

---

[2] The outcome of the state court case is unclear from plaintiff's complaint.

[3] As stated *supra*, defendants also move to dismiss the complaint on the grounds that Barnett has not administratively exhausted his claim under the PLRA. Because the Court finds that plaintiff's complaint is time-barred, the Court need not address defendants' alternate argument.